**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| |
|---|
| |
| Deutsche SiSi-Werke Betriebs GmbH, |
| |
|                   Plaintiff, |
| vs. |
| |
| Faribault Foods, Inc., |
| |
|                   Defendant. |

**Civil Action No. _____**

**JURY TRIAL DEMANDED**

**COMPLAINT**

1.     Plaintiff Deutsche SiSi-Werke Betriebs GmbH ("Plaintiff" or "SiSi"), by its undersigned attorneys, alleges as follows for its Complaint against Defendant Faribault Foods, Inc. ("Defendant" or "Faribault"):

<u>Nature of the Action</u>

2.     This case concerns the unauthorized copying of the iconic Capri Sun pouch for flavored juice drinks. Parents and children throughout the United States know that the pouch packaging for flavored juice drinks indicates that the product is a Capri Sun juice drink. Plaintiff SiSi has licensed its registered trademark for the pouch-shape design to Kraft Foods (as well as associated marks) which markets the Capri Sun products in the United States. Capri Sun has been offered for sale and sold in the iconic pouches in the United States since 1978 continuously.

3.     Defendant Faribault has traded on Capri Sun's goodwill and reputation and has manufactured, offered for sale, sold and/or distributed flavored beverage pouches in similar pouches which infringe and dilute the famous and distinctive pouch that Plaintiff SiSi owns.

Defendant's use of the pouches for its products allows Defendant to unfairly compete, infringes and dilutes SiSi's trademark and blurs the distinctiveness of Plaintiff's mark.

Parties

4.     Plaintiff Deutsche SiSi-Werke Betriebs GmbH is a limited liability company organized under the laws of Germany, with a principal place of business located at Rudolf-Wild-Straße 86-98, Eppelheim, 69214, Germany.

5.     Defendant Faribault Foods, Inc. is a corporation organized and existing under the laws of the State of Minnesota, with a principal place of business located at 222 South Ninth Street, Suite 3380, Minneapolis, Minnesota 55402.

Jurisdiction and Venue

6.     The Court has jurisdiction of the action pursuant to 15 U.S.C. §1121 and 28 U.S.C. § 1331, 1338 and 1367 and general principles of ancillary and pendent jurisdiction.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and/or because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

Plaintiff's Trademark

8.     Plaintiff SiSi owns an incontestable federal trademark registration for the pouch design for fruit flavored beverages. Specifically, Plaintiff SiSi owns the entire right, title and interest in and to the following federal registered design:

| Reg. | Registration Date | Image |
|---|---|---|
| 1,418,517 | November 25, 1986 |  |

9.      With respect to the registration listed above, the lining shown on the drawing of the mark is for shading purposes only and does not indicate color.

10.     Plaintiff has used its mark continuously and exclusively since 1978 in the United States through marketing by its licensees.

11.     During prosecution of the mark, Plaintiff submitted evidence of secondary meaning, including (a) that the mark had been used for five years prior to registration, (b) survey and research studies, summaries of which were annexed to the Affidavit of Peter Willis, the then-Vice President of Marketing at Capri Sun, Inc., evidencing that the pouch design had become a source identifier for the Capri Sun drinks, and (c) the substantial amount of money expended on advertising the unique pouch design.

12.      Between 2009 and 2014, sales of flavored fruit beverages in the United States using Plaintiff's iconic pouch design have exceeded over $7 billion, and worldwide have exceeded $10 billion. The Capri Sun brand is advertised in the United States on television, in magazines, and on billboards by Plaintiff's licensee.

## Defendant's Unlawful Conduct

13.     According to its website, Defendant is the "largest Private Label supplier of pouched beverage products for kids and teens." See http://www.faribaultfoods.com/products/beverages/.

14.     Upon information and belief, Defendant supplies the packaging and product design for Wal-Mart's Great Value brand of flavored juice drinks, including but not limited to Great Value Fruit Punch, Great Value Tropical Punch, and Great Value Strawberry Kiwi Punch for sale to consumers at Wal-Mart throughout the United States. Upon information and belief,

Defendant also supplies products using the iconic pouch design for other brands marketing flavored juice drinks for sale at various grocery and convenience stores throughout the United States. Collectively, each of these products will be referred to herein as the Infringing Products.

15.     The pouch design of each of the Infringing Products mimics the design of Plaintiff's registered trademark by adopting the same shape and height/width ratio of the iconic pouch as demonstrated in the below chart that compares Plaintiff's mark and the Capri Sun product offered for sale by its licensee to Defendant's pouches for the Infringing Products:

| Plaintiff's Reg. Trademark | Front View of Capri Sun Product | Back View of Capri Sun Product | Front View of Infringing Product | Back View of Infringing Product |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

| Plaintiff's Reg. Trademark | Front View of Capri Sun Product | Back View of Capri Sun Product | Front View of Infringing Product | Back View of Infringing Product |
|---|---|---|---|---|
|  |  |  |  |  |

16.     Upon information and belief, Defendant adopted Plaintiff's iconic pouch design with the intention to confuse or to deceive the consuming public as to the source of the juice drink and/or with the intention that the consuming public mistake Defendant's pouch juice drinks for the Capri Sun juice drinks.

17.     Far from dispelling any confusion, Defendant's overprinting on its infringing pouches enhances the confusion of the consuming public. As demonstrated in the above chart, Defendant has adopted the same overall color scheme of the pouch as well as using the same or similar colors as Capri Sun to identify the flavor type and the overall configuration of design elements including the position and arrangement of fruit at the lower half of the pouch. For example, the Capri Sun pouch uses a shade of red to identify the fruit punch flavor. Great Value Fruit Punch uses a similar shade of red to identify its fruit punch flavor. Similarly, the Capri Sun pouch uses a shade of green to identify its strawberry kiwi flavor. Great Value strawberry kiwi incorporates a similar shade of green in its overprinting to identify the strawberry kiwi flavor.

18.     Defendant's intention to confuse and deceive the public as to the source of its goods is further demonstrated by Defendant's pattern of using similar colors and overall

configuration of design elements on its 10-pouch packaging box to identify flavor type as Capri

Sun. The chart below demonstrates such pattern by comparing the 10-pouch packaging box for

the Capri Sun line of products to Defendant's 10-pouch packaging box for the Infringing

Products. Tellingly, each of the product packaging for the Infringing Products includes an

illustration of Plaintiff's iconic pouch on the front of its product packaging.



| Front View of Capri Sun Packaging | Front View of Infringing Product Packaging |

19.     Defendant is not affiliated with or sponsored by Plaintiff and has not been

authorized by Plaintiff to use any of its trademark to identify its products.

20.     To the contrary, Plaintiff approached Defendant to stop selling and offering for sale Infringing Products in November 2012 claiming that the same infringed Plaintiff's registered trademark. At that time, upon information and belief, Defendant understood that it had no right to sell Infringing Products without a license to the pouch design trademark. Accordingly, in 2012 and 2013, Defendant met with Plaintiff on three separate occasions in an attempt by Defendant to obtain a mutually agreeable licensing agreement. The parties exchanged drafts of licensing agreements, but no agreement was executed.

21.     In August 2014, La Costeña acquired Defendant, and Defendant merged with a U.S. affiliate of La Costeña. On information and belief, La Costeña was aware of Plaintiff's trademark infringement claims against Defendant and took ownership of Defendant subject to such claims.

<u>Count I: Federal Trademark Infringement</u>

22.     Plaintiff SiSi realleges and incorporates by reference all of the allegations in paragraphs 1-21 as if fully set forth herein.

23.     Defendant's infringement of the iconic pouch design mark in the manner set forth above is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's products are associated or connected with Plaintiff or have the sponsorship or approval of Plaintiff.

24.     Defendant has willfully sought to trade on Plaintiff's reputation. Further evidence of Defendant's intent to trade on Plaintiff's reputation is (a) Defendant's portrayal of the pouch on the front of the packaging for the Infringing Products, (b) the use of the same or similar colors on the overprinting of the pouch for the Infringing Products as Capri Sun juice drinks to identify flavor, (c) the use of the same or similar colors on the 10-pouch packaging box for the Infringing

Products as the Capri Sun 10-pouch packaging box for its juice drinks to identify flavor; and (d) using the same or similar overall configuration of the design elements on both the 10-pouch packaging box for the Infringing Products and the overprinting of the pouches for the Infringing Products, including but not limited using a blue sky, incorporating a tropical environment and placing the fruit elements on the lower half of the front of the packaging box and overprinting of the pouch.

25.     Plaintiff SiSi has placed Defendant on notice of its infringement and unlawful conduct at least as early as November 2012, but Defendant has failed to terminate its wrongful conduct.

26.     The foregoing acts of Defendant constitute willful and deliberate infringement of SiSi's federal registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(a).

27.     Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

<u>Count II: Federal Unfair Competition</u>

28.     Plaintiff SiSi realleges and incorporates by reference all of the allegations in paragraphs 1-27 as if fully set forth herein.

29.     By reason of SiSi's continuous and exclusive use of the iconic pouch in the Capri Sun products for over 35 years by its licensees, the iconic pouch has acquired secondary meaning, and indicates to the consuming public that there is a single and well-known source of the juice drink, namely Capri Sun.

30.     There are many shapes and designs that can be used as a container for fruit juice packages such that the shape and design of SiSi's iconic pouch is an arbitrary embellishment that was primarily adopted for purposes of identification and individuality. For these reasons, the design, shape and appearance of iconic pouch is non-functional.

31.     Defendant's infringement of Plaintiff's iconic pouch in the manner set forth above is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's products are associated or connected with Plaintiff or have the sponsorship or approval of Plaintiff.

32.     Plaintiff SiSi has placed Defendant on notice of its infringement and unlawful conduct at least as early as November 2012, but Defendant has failed to terminate its wrongful conduct.

33.     The foregoing acts of Defendant constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

34.     Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

<u>Count III: Federal Trademark Dilution</u>

35.     Plaintiff SiSi realleges and incorporates by reference all of the allegations in paragraphs 1-34 as if fully set forth herein.

36.     Plaintiff's iconic pouch is distinctive and famous and has been used and advertised continuously throughout the United States since 1978.

37.     Plaintiff's iconic pouch has received extensive publicity through third party recognition and is famously associated and recognized with the Capri Sun juice drinks.

-9-

38.     The foregoing acts of Defendant cause dilution of the distinctive quality of Plaintiff's iconic pouch and are intended to undermine the uniqueness and distinctiveness of Plaintiff's iconic pouch, constituting a violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

39.     Defendant has willfully sought to trade on Plaintiff's reputation and cause dilution of the mark. Further evidence of Defendant's intent to trade on Plaintiff's reputation and cause dilution of the mark is (a) Defendant's portrayal of the pouch on the front of the packaging for the Infringing Products, (b) the use of the same or similar colors on the overprinting of the pouch for the Infringing Products as Capri Sun juice drinks to identify flavor, (c) the use of the same or similar colors on the 10-pouch packaging box for the Infringing Products as the Capri Sun 10-pouch packaging box for its juice drinks to identify flavor; and (d) using the same or similar overall configuration of the design elements on both the 10-pouch packaging box for the Infringing Products and the overprinting of the pouches for the Infringing Products, including but not limited using a blue sky, incorporating a tropical environment and placing the fruit elements on the lower half of the front of the packaging box and overprinting of the pouch.

40.     By reason of all of the foregoing, Plaintiff has been damaged by Defendant's willful and deliberate use of Plaintiff's pouch design mark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the same.

41.     Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## Count IV: State Law Trademark Infringement

42.     Plaintiff SiSi realleges and incorporates by reference all of the allegations in paragraphs 1-41 as if fully set forth herein.

43.     Defendant's infringement of the iconic pouch in the manner set forth above is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's products are associated or connected with Plaintiff or have the sponsorship or approval of Plaintiff.

44.     Plaintiff SiSi has placed Defendant on notice of its infringement and unlawful conduct at least as early as November 2012, but Defendant has failed to terminate its wrongful conduct.

45.     The foregoing acts of Defendant constitute willful and deliberate infringement of SiSi's registered trademark in violation of Minnesota Statute §325D.43 *et. seq.* and §333.28.

46.     Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

## Count V: State Law Dilution of a Distinctive Mark

47.     Plaintiff SiSi realleges and incorporates by reference all of the allegations in paragraphs 1-46 as if fully set forth herein.

48.     Plaintiff's iconic pouch is distinctive and famous and has been used and advertised continuously throughout the United States since 1978.

49.     Plaintiff's iconic pouch has received extensive publicity through third party recognition and is famously associated and recognized with the Capri Sun products.

50.     The foregoing acts of Defendant cause dilution of the distinctive quality of Plaintiff's iconic pouch and are intended to undermine the uniqueness and distinctiveness of Plaintiff's iconic pouch, constituting a violation of Minnesota Statute § 333.285.

51.     Defendant has willfully sought to trade on Plaintiff's reputation and cause dilution of the mark. Further evidence of Defendant's intent to trade on Plaintiff's reputation and cause dilution of the mark is (a) Defendant's portrayal of the pouch on the front of the packaging for the Infringing Products, (b) the use of the same or similar colors on the overprinting of the pouch for the Infringing Products as Capri Sun juice drinks to identify flavor, (c) the use of the same or similar colors on the 10-pouch packaging box for the Infringing Products as the Capri Sun 10-pouch packaging box for its juice drinks to identify flavor; and (d) using the same or similar overall configuration of the design elements on both the 10-pouch packaging box for the Infringing Products and the overprinting of the pouches for the Infringing Products, including but not limited using a blue sky, incorporating a tropical environment and placing the fruit elements on the lower half of the front of the packaging box and overprinting of the pouch.

52.     By reason of all of the foregoing, Plaintiff has been damaged by Defendant's willful and deliberate use of Plaintiff's iconic pouch design mark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the same.

53.     Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

<u>Count VI: Common Law Trademark Infringement</u>

54.     Plaintiff SiSi realleges and incorporates by reference all of the allegations in paragraphs 1-53 as if fully set forth herein.

-12-

55.     By reason of SiSi's continuous and exclusive use of the iconic pouch in the Capri Sun products for over 35 years by its licensees, the iconic pouch has acquired secondary meaning, and indicates to the consuming public that there is a single and well-known source of the juice drink, namely Capri Sun.

56.     There are many shapes and designs that can be used as a container for fruit juice packages such that the shape and design of SiSi's iconic pouch is an arbitrary embellishment that was primarily adopted for purposes of identification and individuality. For these reasons, the design, shape and appearance of iconic pouch is non-functional.

57.     By reason of all of the foregoing, Plaintiff has acquired common law trademark rights in its iconic pouch.

58.     The actions of Defendant complained of herein are likely to create confusion, mistake, and deception of consumers into believing that Defendant is authorized by, licensed by, sponsored by, or otherwise associated with the common law trademark rights in SiSi's mark.

59.     The acts and conduct of Defendant complained of herein constitute willful and deliberate misuse and infringement of Plaintiff's common law rights in its iconic pouch mark and, upon information and belief, will continue in willful and wanton disregard of Plaintiff's valuable rights. Evidence of Defendant's intent is (a) Defendant's portrayal of the pouch on the front of the packaging for the Infringing Products, (b) the use of the same or similar colors on the overprinting of the pouch for the Infringing Products as Capri Sun juice drinks to identify flavor, (c) the use of the same or similar colors on the 10-pouch packaging box for the Infringing Products as the Capri Sun 10-pouch packaging box for its juice drinks to identify flavor; and (d) using the same or similar overall configuration of the design elements on both the 10-pouch packaging box for the Infringing Products and the overprinting of the pouches for the Infringing

Products, including but not limited using a blue sky, incorporating a tropical environment and placing the fruit elements on the lower half of the front of the packaging box and overprinting of the pouch.

60.     The foregoing acts constitute misuse and infringement of Plaintiff's iconic pouch design mark violation of the common law of the State of Minnesota.

61.     Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

Count VII: Common Law Unfair Competition

62.     Plaintiff SiSi realleges and incorporates by reference all of the allegations in paragraphs 1-61 as if fully set forth herein.

63.     The actions of Defendant complained of herein constitute a misuse and misappropriation of Plaintiff's rights by the unlawful use by Defendant of Plaintiff's iconic pouch design mark and the goodwill associated therewith, all of which constitute unfair competition under the common law of the State of Minnesota.

64.     Defendant's infringement of Plaintiff's iconic pouch design mark in the manner set forth above is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's products are associated or connected with Plaintiff or have the sponsorship or approval of Plaintiff.

65.     Defendant has willfully sought to trade on Plaintiff's reputation. Further evidence of Defendant's intent is (a) Defendant's portrayal of the pouch on the front of the packaging for the Infringing Products, (b) the use of the same or similar colors on the overprinting of the pouch for the Infringing Products as Capri Sun juice drinks to identify flavor, (c) the use of the same or

-14-

similar colors on the 10-pouch packaging box for the Infringing Products as the Capri Sun 10-pouch packaging box for its juice drinks to identify flavor; and (d) using the same or similar overall configuration of the design elements on both the 10-pouch packaging box for the Infringing Products and the overprinting of the pouches for the Infringing Products, including but not limited using a blue sky, incorporating a tropical environment and placing the fruit elements on the lower half of the front of the packaging box and overprinting of the pouch.

66.     The acts and conduct of Defendant complained of are willful and wanton, constituting intentional misconduct or gross negligence.

67.     Plaintiff has a substantial likelihood of success stemming from a demonstrably clear legal right, and Defendant's acts have caused and will continue to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.


WHEREFORE, Plaintiff SiSi prays for the following relief:

A.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from using SiSi's mark, and from using, affixing, offering for sale, selling, advertising, promoting beverages in the packaging currently used for the Infringing Products or any packaging substantially similar thereto;

B.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from, adopting or using any false descriptions or representations, or any false designations of origin, or from

otherwise committing any acts of unfair competition in connection with SiSi's iconic pouch design mark;

C.      Preliminarily and permanently enjoining Defendant, its parents, subsidiaries and affiliated companies, their respective officers, agents, servants, employees, dealers, licensees, and attorneys and those persons in active concert or participation with them from further diluting SiSi's trademark;

D.      Awarding SiSi damages including, *inter alia,* disgorged profits or a reasonable royalty, and punitive damages, in an amount to be proven at trial, together with prejudgment interest and trebled pursuant to 15 U.S.C. §1117(b);

E.      Awarding SiSi the costs and fees, including reasonably attorneys' fees, incurred by it in bringing and maintaining this action;

F.      Awarding SiSi such other and further relief as the Court deems just and proper given the facts and circumstances herein.

<u>Demand for Jury Trial</u>

SiSi hereby demands a trial by jury as to all claims so triable.

DORSEY & WHITNEY LLP

*PRO HAC VICE MOTION TO BE FILED*                By: __s/Peter M. Lancaster_____

Steven B. Pokotilow                              Peter M. Lancaster (MN #159840)
Laura Goldbard George                            50 South Sixth Street
Binni N. Shah                                    Suite 1500
STROOK & STROOCK & LAVAN LLP                     Minneapolis, MN 55402-1408
180 Maiden Lane                                  Tel: (612) 340-2600
New York, N.Y. 10038                             lancaster.peter@dorsey.com
(212) 806-5400

Dated:          July 24, 2015

                                                 *Attorneys for Plaintiff Deutsche*
                                                 *SiSi-Werke Betriebs GmbH*